**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | No. 3:26-CR-225 |
| **v.** | : | (Judge Mehalchick) |
| **THALIA BACON,** | : | |
| **Defendant.** | : | |

FILED
SCRANTON
SEP 29 2026
PER Cac
DEPUTY CLERK

**INDICTMENT**

**THE GRAND JURY CHARGES:**

**COUNT 1**
18 U.S.C. § 1349
(Conspiracy to Commit Bank Fraud)

From on or about July 11, 2022 and continuing until on or about July 20, 2022, in the Middle District of Pennsylvania and elsewhere, the defendant,

**THALIA BACON,**

did knowingly, willfully, and intentionally combine, conspire, confederate, and agree with other persons known and unknown to the Grand Jury, to commit Bank Fraud, that is, to knowingly execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets and other property owned by and under the custody and control of PNC Bank, a financial institution whose deposits were insured by the

Federal Deposit Insurance Corporation, by means of materially false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

## MANNER AND MEANS

It was part of the conspiracy that members of the conspiracy deposited checks into an account at PNC Bank after having altered the checks to falsely name the defendant, THALIA BACON, as the intended payee.

All in violation of Title 18, United States Code, Section 1349.

**COUNTS 2-7**
18 U.S.C. § 1344
(Bank Fraud)

On or about July 20, 2022, in the Middle District of Pennsylvania, the defendant,

**THALIA BACON,**

did knowingly execute a scheme and artifice to defraud and to obtain the moneys, funds, credits, assets and other property owned by and under the custody and control of PNC Bank, a financial institution whose deposits were insured by the Federal Deposit Insurance Corporation, by means of material false and fraudulent pretenses, representations, and promises.

**MANNER AND MEANS**

It was part of the scheme and artifice to defraud that the defendant, THALIA BACON, withdrew the proceeds of a fraudulent check which had been deposited into an account at PNC Bank.

**EXECUTION OF THE SCHEME**

With each withdrawal being a separate count, the defendant, THALIA BACON, withdrew the proceeds of a fraudulent check as follows:

| Count | Financial Institution | Branch Location | Amount |
|---|---|---|---|
| 2 | PNC Bank | Hanover Township, PA | $3,000 |
| 3 | PNC Bank | Nanticoke, PA | $3,000 |
| 4 | PNC Bank | Kingston, PA | $3,000 |
| 5 | PNC Bank | Peckville, PA | $3,000 |
| 6 | PNC Bank | Peckville, PA | $2,000 |
| 7 | PNC Bank | Plains, PA | $3,000 |

All in violation of Title 18, United States Code, Section 1344.

THE GRAND JURY FURTHER ALLEGES:

## FORFEITURE ALLEGATION

1. The allegations contained in Counts 1-7 of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 981 and 982.

2. Pursuant to Title 18, United States Code, Sections 981 and 982, upon conviction of an offense in violation of Title 18, United States Code, Sections 1349 and 1344, the defendant,

**THALIA BACON,**

shall forfeit to the United States of America any property constituting, or derived from, proceeds the persons obtained directly or indirectly, as the result of such violation.

3. By virtue of the commission of the offenses charged in Counts 1-7 of this Indictment, by the defendant,

**THALIA BACON,**

any and all right, title, and interest the defendant may have had in any of the property involved in or traceable to the offenses alleged in Counts 1-7 of this Indictment is vested in the United States and is hereby

forfeited to the United States pursuant to Title 18, United States Code, Sections 981 and 982.

4. If any of the property involved in or traceable to the offenses alleged in Counts 1-7 of this Indictment, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Sections 981 and 982.

A TRUE BILL

[redacted]

FOREPERSON

BRIAN D. MILLER
United States Attorney

Sarah R. Lloyd

SARAH R. LLOYD
Assistant United States Attorney

September 29, 2026

Date